UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-2, 13-7 (L)
(3:11-cv-746)

| | |
|---|---|
| ANTHONY BERNARD JUNIPER, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID W. ZOOK, | ) |
| Warden, Sussex I State Prison | ) |
| | ) |
| Respondent | ) |

## MOTION FOR LEAVE TO FILE OVERSIZED MOTION
## TO EXPAND COA

Juniper's case was initially before this Court on appeal from the district court's denial of his Petition for Writ of Habeas Corpus. *See Juniper v. Davis*, 737 F.3d 288 (4th Cir. 2013). The district court granted a certificate of appealability ("COA") as to two claims in Juniper's original habeas petition, and Juniper filed a motion requesting expansion of COA to include two more issues.

Without deciding the motion to expand COA or any other issue, this Court remanded Juniper's case to the district court for appointment of independent counsel pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *Juniper*, 737 F.3d at 290. Independent *Martinez* counsel filed in the district court an Amended Petition for Writ of Habeas Corpus containing three claims for relief. The district court

denied all three claims and denied COA. Order, *Juniper v. Davis*, No. 3:11-cv-00746-JAG (E.D. Va. Aug. 3, 2015) (Dkt. #155). Juniper now files a motion to expand COA to include two of his *Martinez* claims.

Because Juniper cannot adequately address the matters within the twenty pages ordinarily permitted pursuant to Fed. R. App. P. 27(d)(2), Juniper asks the court for leave to file an oversized motion. The U.S. Supreme Court has long recognized that death penalty cases are different and require a heightened standard of reliability. *See, e.g.*, *Ring v. Arizona*, 536 U.S. 584, 605–06 (2002) ("[T]here is no doubt '[d]eath is different.'") (citation omitted); *Caldwell v. Mississippi*, 472 U.S. 320, 323 (1985) (the Eighth Amendment calls for a heightened "need for reliability" in capital sentencing).

Juniper seeks to expand COA as to two claims. Juniper first argues that his trial counsel were ineffective for failing to raise a *Batson* objection. Juniper also argues that his trial counsel were ineffective for failing to adequately object to the exclusion of mitigation and rebuttal evidence on future dangerousness. Both claims require a detailed factual analysis of the record. Further, Juniper has the additional layer of raising the claims under *Martinez*.

The attached orders issued by circuit courts including this Court demonstrate that it is not uncommon for the federal appellate courts to permit capital habeas petitioners to file oversized motions to expand the COA. *See* Exhibit A (including

orders from this Court granting 53 pages for a motion to expand COA, from the Ninth Circuit granting 40 pages for a motion for COA, from the Eighth Circuit granting 99 pages, and from the Third Circuit granting 87 pages).

Undersigned counsel has consulted with counsel for the Commonwealth regarding this motion. The Commonwealth opposes Juniper's request to file an oversized motion.

Juniper respectfully requests that the Court grant him leave to file an oversized motion to expand the COA.

Submitted, this the 6th day of June, 2016.

/s/Elizabeth Hambourger
Elizabeth Hambourger
NC State Bar No. 27868
elizabeth@cdpl.org

/s/Johanna Jennings
Johanna Jennings
NC State Bar No. 42943
jjennings@cdpl.org

Center for Death Penalty Litigation
123 W. Main Street, Suite 700
Durham, NC  27701
919-956-9545

## **NOTICE OF ELECTRONIC FILING/SERVICE**

I HEREBY CERTIFY THAT on June 6, 2016, copies of the foregoing motion were filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to Warden's counsel, Matthew P. Dullaghan, Senior Assistant Attorney General, Office of the Attorney General of Virginia, 202 North Ninth Street, Richmond, VA 23219 at MDullaghan@oag.state.va.us.

/s/ Elizabeth Hambourger
Counsel for Petitioner