UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

Nos. 16-2, 13-7 (L)
(3:11-cv-746)

| | |
|---|---|
| ANTHONY BERNARD JUNIPER, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID W. ZOOK, | ) |
| Warden, Sussex I State Prison | ) |
| | ) |
| Respondent. | ) |

**PETITIONER'S MOTION FOR LEAVE TO FILE SEPARATE BRIEFS**

Petitioner, Anthony Bernard Juniper, by undersigned counsel, pursuant to Local Rule 27, respectfully moves this Court to allow Petitioner's two sets of counsel to file separate briefs. In support of his Motion, Petitioner states the following:

**STATEMENT OF THE CASE**

Petitioner is an indigent prisoner under sentence of death in Virginia. In March 2013, the district court dismissed Juniper's federal habeas petition and granted a certificate of appealability (COA) on two issues. *Juniper v. Pearson*, 2013 U.S. Dist. LEXIS 46406 (E.D. Va. Mar. 29, 2013). Without deciding any substantive issue, this Court remanded the case to the district court for appointment

1

of independent counsel to raise any defaulted claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Represented by undersigned *Martinez* counsel, Petitioner filed an amended habeas petition in September 2014. On August 3, 2015, the district court dismissed that petition. Petitioner again took an appeal to this Court.

On March 3, 2016, this Court issued an order consolidating Juniper's two cases. Doc. No. 37. The Court has ordered Petitioner to submit his opening brief by March 2, 2017.

## **GROUNDS FOR MOTION**

Juniper's original federal habeas counsel also represented Juniper in state habeas proceedings. *Juniper v. Davis*, 737 F.3d 288, 290 (4th Cir. 2013). This Court appointed *Martinez* counsel because it would be "ethically untenable" for counsel to assert claims of counsel's own ineffectiveness in order to raise ineffective-assistance-of-state-habeas-counsel claims as allowed by *Martinez*. *See Juniper v. Davis*, 737 F.3d 288, 290 (4th Cir. 2013). *See also Gray v. Pearson*, 526 F. App'x 331, 334 (4th Cir. 2013) ("Indeed, the Virginia State Bar Ethics Counsel advised Gray's counsel that they are ethically barred from investigating their own ineffectiveness."). Here, Juniper asserts two such ineffective-assistance-of-counsel claims. Therefore, the Court should allow Petitioner to file separate briefs.[1]

---

[1] The Court previously has allowed separate pleadings where a petitioner has *Martinez* counsel. *See* Order, *Gray v. Zook*, No. 1:11-cv-00630-AJT-TCB (4th Cir. Dec. 22, 2015) (Doc. No. 120) (granting appellant's motion for leave to file separate petitions for rehearing). *See also* Local

2

Petitioner requests the Court allow two full-length briefs pursuant to Local Rule 32(a)(7). This allowance would provide this death-sentenced Petitioner the fair opportunity to address his claims with a *de minimis* effect on judicial economy. Petitioner intends to file one Joint Appendix, jointly with Appellee and Petitioner's initial habeas counsel. Further, petitioner recognizes that the Court may order counsel to share time allowed for oral argument while allowing separate briefs.

WHEREFORE, for the reasons set forth here, Petitioner asks this Court to allow Petitioner's motion for leave to file separate briefs.

Respectfully submitted, this the 7th day of February, 2017.

| | |
|---|---|
| /s/ Elizabeth Hambourger | /s/ Johanna Jennings |
| Elizabeth Hambourger | Johanna Jennings |
| Attorney for Petitioner | Attorney for Petitioner |
| 123 West Main Street, Suite 700 | 123 West Main Street, Suite 700 |
| Durham, NC 27701 | Durham, NC 27701 |
| Email: elizabeth@cdpl.org | Email: jjennings@cdpl.org |
| Phone: (919) 956-9545 | Phone: (919) 956-9545 |
| Fax: (919) 956-9547 | Fax: (919) 956-9547 |
| NC Bar No. 27868 | NC Bar No. 42943 |

---

Rule 28(d) (allowing separate briefs "upon a particularized showing of good cause"). The Supreme Court also has allowed separate pleadings where a petitioner had federal habeas counsel and *Martinez* counsel. *See Gray v. Zook*, 137 S.Ct. 84 (2016) (denying separate certiorari petitions in case numbers 15-9473 and 15-9474).

3

## STATEMENT PURSUANT TO LOCAL RULE 27(a)

Pursuant to Local Rule 27(a), counsel has conferred with Appellee's counsel who indicates that he does not oppose allowing separate briefs, but does oppose allowing separate briefs to exceed the allotted length of a single brief. He intends to file a response in opposition. Further, counsel has conferred with Petitioner's other federal habeas counsel, Mr. Robert Lee and Ms. Dawn Davison, who take no position.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this day, the foregoing Petitioner's Motion for Leave to File Separate Briefs was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to Warden's counsel, Matthew P. Dullaghan, Senior Assistant Attorney General, Office of the Attorney General, 202 North Ninth Street, Richmond, VA 23219 at MDullaghan@oag.state.va.us.

This the 7th day of February, 2017.

/s/ Elizabeth Hambourger
Elizabeth Hambourger